

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

Craig R. Benson
212.583.2682 direct
212.583.9600 main
718.732.2369 fax
cbenson@littler.com

May 15, 2014

**VIA ECF AND FACSIMILE (212.805.7927)**

Hon. Naomi Reice Buchwald
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Megason et al. v. Starjem Rest. Corp. d/b/a Fresco by Scotto et al.*
**12 Civ. 1299 (NRB) (S.D.N.Y.)**

Dear Judge Buchwald:

We represent the Defendants in the above-referenced matter ("*Megason*"). We write pursuant to Rule 2.B. of the Court's Individual Practices to request a pre-motion conference in anticipation of Defendants' motion to consolidate this case with the related action pending before Judge Torres, *Salinas et al. v. Starjem Rest. Corp. et al*, 13-cv-02992-AT (S.D.N.Y.) ("*Salinas*").

The *Salinas* plaintiffs are 13 current and former runners and bussers at Defendants' restaurant, Fresco by Scotto ("Fresco" or "the Restaurant"). Like the Rule 23 class of waiters in *Megason*, they assert tip pool and spread-of-hours claims arising under the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL") against the Restaurant. After the close of pre-certification discovery, the *Salinas* plaintiffs informed us that they no longer wished to pursue certification of a Rule 23 or FLSA collective action class, we contacted opposing counsel in both cases to seek their consent to a consolidated trial of common claims and defenses. Neither class counsel in *Megason* nor counsel for the *Salinas* plaintiffs have consented to our request to date. In the interest of streamlining pretrial discovery efforts in both cases, we have continued to work with opposing counsel to consolidate the production of additional documents in both cases. The *Salinas* parties attended a status conference on May 8, 2014, where Judge Torres suggested that if the *Salinas* plaintiffs were not amenable to consolidation, Defendants should make their motion for consolidation before Your Honor.

### I.    STANDARD FOR CONSOLIDATION

FRCP Rule 42(a) provides that "[i]f actions before the court involve common questions of law or fact, the court may ... join for ... any or all matters at issue in the actions ... [or] ... consolidate the actions." Fed. R. Civ. P. 42(a). The Rule affords "broad discretion to determine whether to

Hon. Naomi Reice Buchwald
May 15, 2014
Page 2

consolidate actions" and requires the Court to "consider whether judicial economy favors consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (Buchwald, J.) (*citing Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990), *cert. denied* 498 U.S. 920 (1990)). Factors to be considered include: (i) whether risk of prejudice and possible confusion are outweighed by the risk of "inconsistent adjudications of common factual and legal issues," (ii) "the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits," (iii) the relative length of time for multiple or single suits to conclude, and (iv) "the relative expense to all concerned." *Johnson*, 899 F.2d at 1285.

## II.  CONSOLIDATION IS WARRANTED UNDER FRCP RULE 42(A)

Judicial economy favors consolidation here. There are common issues of law and fact in both cases. Both sets of Plaintiffs are front-of-the-house service workers challenging the same wage-and-hour practices at the same Restaurant. The Defendants in both actions are virtually identical.[1] The same legal issues will be tried in both cases, *i.e.*, (i) whether "stockers," "expediters," and certain captains were valid participants in Fresco's tip pool under the FLSA and NYLL § 196-d and (ii) whether the Restaurant properly paid Plaintiffs spread of hours pay, as required by 12 N.Y.C.R.R. § 146-1.6 (after Jan. 1, 2011) or 12 N.Y.C.R.R. § 137-1.7 (prior to Jan. 1, 2011). In both cases, the finder-of-fact has to determine (i) whether the "stockers" and "expediters" provided sufficient customer service to participate in the restaurant's tip pool under federal and state law; (ii) whether the challenged captains exercised enough supervisory authority to preclude them from participating in the Restaurant's tip pool under federal and state law, and (iii) whether Defendants paid spread-of-hours pay each time a Plaintiff's work day spanned over 10 hours.

Merits discovery is scheduled to close in both cases in June. Defending two trials on the exact same set of issues would impose significant burden and expense on Defendants. Hence, Defendants have already started to consolidate the production of additional document discovery between the two cases. To the extent the *Megason* Plaintiffs oppose consolidation because they have not had a chance to depose the *Salinas* plaintiffs, we have offered to accommodate their request now, and revise the Parties' joint discovery plan to suit their needs if necessary. Further, if the cases are not consolidated, factual or legal issues decided in the *Megason* trial risks prejudicing one or more parties in *Salinas*. Defendants would also risk inconsistent adjudications of common issues. Consolidation furthers the Parties' and the Court's interest in "expedit[ing] trial and eliminat[ing] unnecessary repetition and confusion." *Devlin v. Transp. Commun. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (explaining that Rule 42(a) "should be

---

[1] The only difference being that Marion Scotto was also named as an individual defendant in the *Salinas* action.

Hon. Naomi Reice Buchwald
May 15, 2014
Page 3

prudently employed as a valuable and important tool of judicial administration") (internal quotations and citations omitted).

For all of these reasons, we respectfully request that the Court consolidate the issues described above for trial. We are available to attend a pre-motion conference, either in person or via telephone, at the Court's convenience. Should the Court require anything in the meantime, please feel free to contact me.

Respectfully submitted,

Craig R. Benson

CRB/nk

cc: The Hon. Analisa Torres (via e-mail and ECF)
      D. Maimon Kirschenbaum, Esq., class counsel in *Megason* (via ECF)
      Matt Kadushin, Esq., class counsel in *Megason* (via ECF)
      Doug Weiner, Esq., class counsel in *Megason* (via ECF)
      Michael Faillace, Esq., counsel for *Salinas* plaintiffs (via ECF)
      Joshua Androphy, Esq., counsel for *Salinas* plaintiffs (via ECF)
      George B. Pauta, Esq., counsel for Defendants (via ECF)
      Naveen Kabir, Esq., counsel for Defendants (via ECF)